

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00101-CR

DAVID RAY PENNY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1323669

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

David Ray Penny was convicted by a jury of continuous sexual abuse of a child and was sentenced to life imprisonment. On appeal, Penny argues only that the trial judge erroneously allowed a counselor to testify under what he described as a "medical exception" to the hearsay rule. The State has chosen not to file a brief.

After living in the same residence as Penny and complainant's mother for a period of time, the complainant moved in with her natural father. After she told her father that Penny had done things to her, her father called the police. An investigation ensued.

The police arranged for a "forensic" interview to be conducted by Rebecca Peevy, who works with the Child Advocacy Center (CAC) of Paris. Peevy testified that the complainant described in some detail Penny's sexual acts against her. A sexual-assault examination resulted in no physical findings concerning sexual assault, but the examination lead to another witness, Kim Bassinger, testifying that the complainant told her of Penny's sexual abuse.

The complaint urged here concerns hearsay statements made by the complainant to Ginger Brooks, a licensed professional counselor who had been working with the complainant before and after the outcry. Penny contends that reversible error exists because Brooks' testimony was admitted over his running hearsay objection. Brooks described the therapy sessions she had with the complainant, opining that part of the counseling procedure included appropriate therapy for a situation where a close family member was involved. Brooks repeatedly identified Penny as the wrongdoer, focusing at some length on the believability of complainant's statements.

By the end of trial, the State had used direct testimony by the complainant, who testified about the sex acts, and had also put on the same evidence three more times, through three other witnesses, using a different purported exception to the hearsay rule for each witness.

Here, Penny's complaint is regarding Brooks' testimony. The controlling case in this context is *Taylor v. State*, 268 S.W.3d 571, 586–90 (Tex. Crim. App. 2008). In that case, the Texas Court of Criminal Appeals reviewed a therapist's hearsay testimony offered by the State. The court first agreed that a wide range of individual's testimonies could be offered under the medical diagnosis or treatment exception to the hearsay rule, including those of a nonphysician who was involved with treating "the emotional and psychological injuries which accompany crimes against children." *Id.* at 588; *see* Tex. R. Evid. 803(4). The admissibility of hearsay under that exception is justified only if the declarant child "can and does believe that his statement to a mental-health professional will facilitate his diagnosis or treatment." *Taylor*, 268 S.W.3d at 588.

The court also recognized the differences between trauma treatment and "reclining on a therapist's or psychiatrist's couch" and coalesced its analysis around an attempt to vindicate the rationale of the Rule 803(4) exception. In so doing, the court emphasized that, unlike a declarant in the immediate aftermath of an injury sitting in an emergency room or doctor's office, a therapist's office allows no true presumption that the declarant understood or appreciated the need "to always tell a mental-health provider the truth in order to assure the efficacy of treatment." The record must therefore explicitly show

> 1) that truth-telling was a vital component of the particular course of therapy or treatment involved, and 2) that it is readily apparent that the child-declarant was

3

aware that this was the case. Otherwise, the justification for admitting the out-of-court statement over a valid hearsay objection is simply too tenuous.

*Taylor*, 268 S.W.3d at 590, 591.

In this case, the State opined that Brooks' testimony should be admitted because there were issues stemming from the

> abuse that she has endured as a result of this defendant, namely relationship . . . particularly relationship issues, trust issues, safety issues, issues and -- I think also relevant with regard to the suggestion that -- that where she is currently, Eddie and her biological father, with regard to, one, whether she's safe with Eddie now; but that she has suffered by being separated from her younger sister and by her mother as a result of this outcry, but yet she's still persisted in -- she's still persisted in the outcry and the claim that David Penny is the person that -- that did this.

The trial court then questioned the witness about whether she took steps to ensure that children knew that they needed to speak to her truthfully, to which Brooks responded, "Yes." The discussion with the trial court continued, however, with the court asking her whether she had taken steps with respect to the complainant "that things that she tells you must be the truth, that it was important what she would tell you would be the truth? Is that something that's important to the therapeutic relationship?" Brooks then explained that they did not go into that type of credibility, but did talk about the difference between "telling the truth and -- and why she might have made statements in the past that were not true. . . ."

The discussion correctly reviewed the facts of *Taylor*, but then did not correctly apply the holding of the case. The State is required to provide proof that truth-telling was necessary to the efficacy of the treatment and that this particular child was fully aware of that need.

4

The State's attempt to summarize the therapeutic importance of revealing the name of the perpetrator does not suffice. That is commentary by counsel, not evidence. Even if it were evidence, all it establishes is that such evidence would be relevant, not that truth-telling was vital to the treatment. The therapist's answers do not provide information that meets the requirements of *Taylor*. Indeed, they show, to the contrary, that all of the requirements were not met.

In light of the running objection granted by the trial court, we conclude that error was preserved on this issue and that it was error to admit Brooks' testimony about the complainant's statements identifying Penny as the perpetrator.

The remaining question is whether the error is sufficiently harmful to require reversal. The error here is not of constitutional dimension. *See id.* at 592. The appropriate harm analysis is set out in Rule 44.2(b) of the Texas Rules of Appellate Procedure. A non-constitutional error "that does not affect substantial rights must be disregarded." An error is reversible only when it has "a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). We are not to overturn the conviction if we have fair assurance from an examination of the record as a whole that the error "did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

In this case, the complainant testified directly about Penny's repeated sexual abuse of her, and similar testimony of two other witnesses was admitted under hearsay exceptions. Brooks' testimony was repetitious of the other testimony. Its strongest effect was to bolster evidence properly introduced from other sources. There is little evidence to the contrary, and—other than

5

the possibility that the complainant might simply be disbelieved by the jury and the lack of physical evidence to support the claim of abuse—there is nothing suggesting that the absence of Brooks' erroneously admitted testimony would have changed the outcome of this trial.

We affirm the conviction.


Josh R. Morriss, III
Chief Justice

Date Submitted:     March 13, 2015
Date Decided:       March 19, 2015

Do Not Publish

6